UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NELSON VIERA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-10220-NMG |
| LUIS SPENCER, et al., | ) ) ) | |
| Defendants. | ) ) | |

REPORT AND RECOMMENDATION ON DEFENDANTS
RODEN, SPENCER AND SUMNER'S MOTION TO DISMISS

October 3, 2011

SOROKIN, M.J.

The Plaintiff, Nelson Viera is an inmate incarcerated by the Massachusetts Department of Corrections (DOC) at MCI-Norfolk. Docket # 1 at ¶ 1. He has brought suit against three DOC officials as well several employees of the University of Massachusetts Correctional Health Program (UMCH, the DOC's contracted health services provider). Docket # 1.

The health services employees have answered the Complaint. Docket #s 14-17. The DOC defendants (Luis Spencer, the Acting Commissioner of DOC at the time of the Complaint, now the Commissioner; Gary Roden, the Superintendent of MCI-Norfolk; and Cynthia Sumner, the Deputy superintendent of Classification and Treatment at MCI-Norfolk) have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint as failing to state a claim upon which relief may be granted. Docket # 22.

1

For the following reasons, I RECOMMEND that the Court ALLOW the DOC Defendants' motion to dismiss.

I. FACTUAL BACKGROUND

Viera alleges in his Complaint that he has complained since 2007 of "severe localized shoulder, chest and back pain," but received "little or no treatment" from DOC officials at two facilities. Id. at ¶ 12.[1] Viera suffers from "fibromyalgia a debilitating and extremely painful disorder that effects [sic] his muscles and skeletal structure," with which he was diagnosed by a physician in 2010. Id. at ¶¶ 11, 13. UMCH providers prescribed various "off label mental health medications," which proved ineffective in alleviating Viera's pain. Id. at ¶ 16.

Viera has not been prescribed "approved medications regularly used to treat fibromyalgia" because of "a DOC policy against prescribing narcotic pain medications." Id. at ¶ 18. Viera alleges that "[t]his policy is currently being enforced throughout the DOC regardless of the serious medical needs for such medication." Id. at ¶ 19. The medications "are needed to alleviate the constant pain he is suffering due to this incurable disease." Id.

Viera's Complaint contains no specific factual allegations regarding any of the DOC defendants, although each of the ten counts concludes with a general assertion regarding all defendants. See, e.g. Id. at ¶ 27 (alleging that as "a direct result of the defendants, and each of them, being deliberately indifferent to Viera's medication needs, he will continue to suffer [listing various damages]").

Although Viera has delineated ten counts within his Complaint, each count does not

---

[1] In keeping with the standard of review applicable to motions brought pursuant to Fed. R. Civ. P. 12 (b)(6), the Court recites the allegations of the Complaint as if true.

2

necessarily advance a separate cause of action. The Court discerns the following four claims within the ten counts: (1) for monetary damages, pursuant to 42 U.S.C. § 1983, for violation of his right to be free from cruel and unusual punishment under the Eighth Amendment; (2) for monetary damages, pursuant to 42 U.S.C. § 1983, for deliberate indifference to his medical needs in violation of the Fourteenth Amendment to the United States Constitution; (3) for injunctive relief, pursuant to 42 U.S.C. § 1983, arising from both his Fourteenth and Eighth Amendment Claims; and (4) for monetary damages, pursuant to M.G.L. c. 12, §11H, 11I (the Massachusetts Civil Rights Act, or MCRA) for violation of his rights under the Eighth and Fourteenth Amendments and under the Massachusetts Declaration of Rights.

II.     DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993). This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir.1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997)(quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988) (internal

quotation marks omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 129 S.Ct. at 1949. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir.2009)(quoting Iqbal, 129 S.Ct. at 1949). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." Id.

Viera's Complaint fails to state a claim against the DOC defendants in all but one respect.

### Individual Capacity Claims

First, the Complaint includes no factual allegations concerning any of the individual DOC defendants/movants. Without such allegations, each count of the complaint fails to state a claim against the DOC defendants in his or her individual capacity, despite the fact that these defendants occupy supervisory roles within the agency. See, e.g., Iqbal, 129 S.Ct. at 1948 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (emphasis added).

Accordingly, I RECOMMEND that the Court dismiss all claims against the DOC defendants in their individual capacities.

### Official Capacity Claims - Money Damages

Moreover, a suit against a government official in his or her official capacity is the functional equivalent of a suit against the governmental entity itself. See McMillian v, Monroe County, Ala., 520 U.S. 781, 185, n. 2 (1997). Such claims, for monetary damages, are also barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). The U.S. Supreme Court has consistently held that an unconsenting state is immune from suits brought in a federal court by its own citizens or by citizens of another state. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-268 (1997); Edelman v. Jordan, 415 U.S. 651, 657 (1974). This immunity extends to any entity that is an arm of the state. Wojcik v. Massachusetts State Lottery Com'n, 300 F.3d 92, 99 (1st Cir.2002). Because of this Eleventh Amendment immunity, although municipalities and other local government units are 'persons' within the meaning of 42 U.S.C. § 1983 (Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 (1978)), states are not. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). Thus, the DOC is immune from Vieara's claims for money damages.

<u>Official Capacity Claims - Injunctive Relief</u>

Claims for injunctive or declaratory relief, however, are not so barred. Id. at 169, n. 18 (citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984); Ex parte Young, 209 U.S. 123 (1908)). I therefore RECOMMEND that the Motion to Dismiss be DENIED with respect to Defendant Spencer to the extent that Viera's Complaint seeks injunctive relief against the DOC via the mechanism of Section 1983 claims for violation of the Eighth and Fourteenth Amendments directed against Commissioner Spencer in his official capacity. I further RECOMMEND that the official capacity claims against Defendants Sumner and Roden be dismissed as merely duplicative of the claim advanced against Spencer.

MCRA Claims

As to the MCRA claims, the Massachusetts Civil Rights Act affords a private remedy for interference "by threats, intimidation, or coercion" with the exercise or enjoyment by any other person or persons of rights secured by the constitutional laws of the United States or the rights secured by the Constitution or laws of the Commonwealth. M.G.L. c. 12, § 11H. Viera in his pleadings fails to allege any interference with his right "by threats and intimidation or coercion." The promulgation of regulations and policies within the confines of a prison does not in and of itself constitute threats, intimidation or coercion. See Longval v. Commissioner of Probation, 404 Mass. 325, 333 (1989); Buster v. George W. Moore, Inc., 438 Mass. 635, 646 (2003) (quoting Swanset Dev. Corp. v. City of Taunton, 423 Mass. 390, 396, 668 N.E.2d 333 (1996) ("a direct deprivation of rights, even if unlawful, is not coercive because it is not an attempt to force someone to do something the person is not lawfully required to do").

III. CONCLUSION

For the foregoing reasons, I recommend that the Court ALLOW IN PART and DENY IN PART the DOC Defendants' Motion to Dismiss (Docket # 22). Specifically, I recommend that the Court:

(1) dismiss each of the claims directed against Defendants Roden and Sumner, in both their individual and official capacities;

(2) dismiss each of the claims directed against Defendant Spencer in his individual capacity;

(3) dismiss each of the claims directed against Defendant Spencer in his official capacity for monetary damages;

6

(4) dismiss the claims brought pursuant to the MCRA; and

(5) deny the motion only with respect to the official capacity claim directed against Defendant Spencer for injunctive relief pursuant to 42 U.S.C. § 1983 for violation of the Eighth and Fourteenth Amendments.

I further RECOMMEND that the Court schedule a Rule 16 scheduling conference after ruling on the Motion to Dismiss in order to establish a schedule for those claims asserted against the non-moving parties as well as any claims that survive the Court's ruling.[2]

/s/ Leo T. Sorokin
Leo T. Sorokin
United States Magistrate Judge

---

[2] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).